940 F.2d 652
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leroy J. HAUGH, Plaintiff-Appellant,
Matthew J. Travers, Jr., Appellant,
and
Paul G. Haugh, Plaintiff,
v.
BULLIS SCHOOL, INCORPORATED, Defendant-Appellee.
Leroy J. HAUGH, Plaintiff-Appellant,
Matthew J. Travers, Jr., Appellant,
and
Paul G. Haugh, Plaintiff,
v.
BULLIS SCHOOL, INCORPORATED, Defendant-Appellee.
 Nos. 90-2231, 91-2008.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1991.
Decided July 26, 1991.
As Amended Aug. 14, 1991.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore.
 John R. Hargrove, District Judge.
 (CA-88-1172-HAR)
 Matthew James Travers, Jr., Fairfax, Va., for appellants.
 John S. Vander Woude, Eccleston and Wolf, Baltimore, Md (Argued), for appellee; Shirlie Norris Lake, Eccleston and Wolf, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 A case revisited raises questions as to whether there is any novelty on the second time around. On the first time we affirmed a district court's award of summary judgment in favor of The Bullis School. The Bullis School had been sued as a result of disciplinary steps taken by it with respect to one of its students. The student and his father brought actions for breach of contract and libel. They lost in the district court, and, on appeal, were admonished by us that "this unfortunate matter should never have been made into a federal case." It was suggested that there had been a "waste, in a frivolous manner [of] the time and resources of the court." The appeal in view of the district court's well reasoned opinion was deemed unjustified. Sanctions in the form of attorney's fees were ordered against the plaintiffs.
 
 
 2
 We fully expected that the matter was then, for us, finally concluded. But a motion for sanctions by Bullis under Fed.R.Civ.P. 11 because of diffuse not well-founded activities of the father and his legal counsel at the district court level followed. Sanctions, amounting to $30,020.12, with the father (himself a lawyer) and his attorney each to pay one-half, were ordered. An appeal from that sanction award has followed.
 
 
 3
 On review of the record, and following oral argument, we are satisfied that there was no abuse of discretion by the district judge in the award concerning activities in the district court. We, therefore, affirm.
 
 
 4
 Furthermore, the frivolous nature of the second appeal cannot be ignored. We find it was frivolous and, therefore, award attorney's fees and costs to Bullis, to be paid one-half by the father, Leroy M. Haugh, and one-half by the attorney, Matthew J. Travers, Jr. If the parties are unable to agree as to the amount of attorney's fees and costs, an application shall be made to the Clerk of the Court for a determination of the proper amount. The verified and itemized bill of $2,755.16 for attorney's fees satisfactorily ascertains the proper amount for pre-oral argument services, but there remain for determination fees and costs for oral argument and related matters.
 
 
 5
 AFFIRMED.